THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.E.I.U. LOCAL No. 1 HEALTH FUND | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 21-CV-04067 |
| v. | ) |
| | ) |
| SUDLER PROPERTY MANAGEMENT | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL No. 1 HEALTH FUND (the "Fund") by and through their Attorneys, Susan M. Matta and Matthew S. Jarka of Asher, Gittler, & D'Alba, Ltd., complains of Defendant, Sudler Property Management ("Defendant"), and states as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. Sec. 1132(e)(1) and (e)(2), which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The Fund receives contributions from numerous employers pursuant to collective

bargaining agreements heretofore entered into between Service Employees International Union Local 1 ("Union"), including Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 1431 Opus Place, Suite 350, Downers Grove, Illinois 60515, and the Fund is administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, the Fund is required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains a principal place of business at 875 N. Michigan Ave., Ste. 3980, Chicago, Illinois 60611.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

8. Following the findings of an audit showing the existence of unpaid contributions, Defendants have failed to submit required payments thereon to the Fund pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of the agreement by

Defendant, the Fund may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. The Fund, on their behalf, and on behalf of all employees for whose benefit the Fund were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, Continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as required.

12. Defendant is delinquent to the Fund for pension contributions the period of July 1, 2015 to November 30, 2018, in the amount of SEVENTEEN THOUSAND FOUR HUNDRED SEVENTY-SEVEN DOLLARS AND 50/100 ($17,477.50).

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. The Fund, therefore, seeks enforcement of these provisions pursuant to Sections 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. Sec. 1132(g)(2), (a)(3), and 1145.

WHEREFORE, the Fund prays:

(a) That judgment enter in favor of the Plaintiff and against Defendant in the amount of SEVENTEEN THOUSAND FOUR HUNDRED SEVENTY-SEVEN DOLLARS AND 50/100 (($17,477.50), or such additional amount as may be found due and owing during the pendency of this action.

(b) That the Funds be awarded their costs, including reasonable attorney's fees Incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By: */s/ Susan M. Matta*
One of Plaintiff's attorneys

Susan M. Matta, Esq.
Asher, Gittler, & D'Alba, Ltd.
200 West Jackson Blvd., Ste. 720
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
smm@ulaw.com
IL ARDC #: 6276653

Dated: July 30, 2021